1

Honorable Benjamin H. Settle

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

8

| | |
|---|---|
| TING KRAY; SAMAUN SRIP; and SAP KRAY, | No. C97-5582BHS |
| Plaintiffs, | MOTION TO LIFT STAY |
| v. | **Note on Motion Calendar: March 18, 2011** |
| THE CITY OF TACOMA; TACOMA POLICE DEPARTMENT; PHILIP ARREOLA; and JOHN DOE NOS. 1-25, | |
| Defendants. | |

9

10

11

12

13

14

15

16

Plaintiffs Sap Kray and Ting Kray move this Court for an order lifting the stay entered on

17

October 2, 1997 (Dkt. 17), reaffirmed on January 5, 1998 (Dkt. 25), partially lifted on June 30,

18

1999 (Dkt. 56), re-stayed on July 21, 1999 (Dkt. 62), reaffirmed on May 13, 2003 (Dkt. 72), and

19

October 5, 2004 (Dkt. 80). A statistical termination of the case was entered on September 11,

20

2007 (Dkt. 85). Copies of these documents are attached hereto, for the Court's convenience, as

21

Exhibits 1-7.

22

All criminal proceedings against Sap Kray have terminated. Certiorari was denied by the

23

Supreme Court of the United States on October 18, 2010. A copy of its order is attached as

24

Exhibit 8. The mandate of the Ninth Circuit Court of Appeals in Sap Kray's habeas appeal is

25

26

attached as Exhibit 9.

27

MOTION TO LIFT STAY - 1

No. C97-5582BHS

1    Undersigned counsel has determined that no other venues are presently available to

2 vacate or obtain further review of plaintiff Sap Kray's criminal conviction. The basis for the stay

3 heretofore entered has therefore ended and the stay should be lifted.

4    DATED this _7_ day of March, 2011.

5

6         Respectfully submitted,

7         MacDONALD HOAGUE & BAYLESS

8

9         By_____

           Timothy K. Ford, WSBA #5986

10         Attorneys for Plaintiffs

11         Certificate of Service

12    I hereby certify that on March_3_, 2011, I electronically filed the foregoing with the Clerk

13
 of the Court using the CM/ECF system which will send notification of such filing to the below
14
 listed attorneys electronically, as identified below:
15

16
  Joseph Michael Diaz  jdiaz@dpearson.com, stoves@dpearson.com
17  Katrin E. Frank    kayf@mhb.com, maryk@mhb.com; sharonm@mhb.com
  John Francis Kennedy  JFK@KennedyLawNorthwest.com,
18            jj@KennedyLawNorthwest.com

19

20        Linda M. Thiel
        Legal Assistant to Timothy K. Ford
21

22

23

24

25

26

27

MOTION TO LIFT STAY - 2

No. C97-5582BHS

MacDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

# EXHIBIT 1

ENTERED
ON DOCKET

OCT 02 1997

By Deputy

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RECEIVED

OCT 4 1997

MACDONALD,
HOAGUE
& BAYLESS

FILED          LODGED
               RECEIVED

OCT 02 1997

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                              DEPUTY

TING KRAY, SAMUAN SRIP, and SAP
KRAY,

Plaintiffs,

vs.

THE CITY OF TACOMA, et al.,

Defendants.

NO. C97-5582FDB

ORDER RE DEFENDANTS'
MOTION FOR ORDER
SHORTENING TIME ON
MOTION TO STAY CIVIL
PROCEEDINGS

   This matter comes before this Court upon Defendants' Motion
for an Order Shortening Time on Defendants' Motion for Stay of
Civil Proceedings ("Motion for Stay"). Defendants move this Court
for an Order Shortening Time on their Motion for Stay which is
noted for October 10, 1997.

   Local Rule 7(b)(4) states that a party's failure to respond to
a motion "may be deemed by the court to be an admission that ...
opposition to the motion ... is without merit." Plaintiffs have
filed no opposition to Defendants' Motion to Shorten Time. Upon
review of the record in this matter, the Court sees no reason why

ORDER - 1

1 | Defendants' Motion to Shorten Time should not be granted.[1]

2 | It is within this Court's broad discretion and inherent power
3 | to stay discovery. This Court is concerned about the nature and
4 | scope of the discovery proceedings to the extent such discovery
5 | might hinder an ongoing criminal investigation, particularly, in
6 | light of the preliminary questions which have been raised by the
7 | parties' pleadings, and the Defendants' concerns regarding the
8 | pending criminal proceedings and the four (4) depositions which are
9 | now scheduled from October 6, 1997 through October 10, 1997.

10 | It is this Court's view that any further discovery proceedings
11 | in this matter should be stayed until the Motion to Stay Civil
12 | Proceedings is resolved. Therefore, the four (4) depositions of
13 | Defendants' witnesses scheduled for October 6, 8, 9, and 10, 1997
14 | and all discovery in this matter shall be stayed until the Motion
15 | to Stay Civil Proceedings is resolved.

16 | Accordingly, it is hereby

17 | ORDERED:

18 | (1) Defendants' Motion to Shorten Time on their Motion To
19 | Stay Civil Proceedings is GRANTED; and

20 | (2) The four (4) depositions of Defendants' witnesses
21 | scheduled by the Plaintiffs for October 6, 8, 9, and 10, 1997 and
22 | all discovery in this matter shall be STAYED until the Motion To
23 | Stay Civil Proceedings is resolved; and

24 | ORDER - 2

25 |

26 | [1] The Defendants are cautioned to review the Local Civil Rules
27 | with more attentiveness, in light of their mistake in noting the
underlying Motion to Stay Civil Proceedings less than forty-eight (48)
28 | hours after the date for determination of their Motion to Shorten
Time.

5

1    (3)   The parties shall submit additional briefing with

2 particular attention to the undue burden and/or hardship that

3 discovery in the civil matter will have on the pending criminal

4 investigation by October 20, 1997.  The parties will also enunciate

5 the earliest dates that the Plaintiffs may conduct discovery

6 without hindering the pending criminal investigation; and

7    (4)   The Clerk of the Court shall renote Defendants' Motion To

8 Stay Civil Proceedings to Monday, October 20, 1997.

9

10

11    DATED this ___/___ day of ___October___, 1997.

12

13                              _____

14                              FRANKLIN D. BURGESS
                                UNITED STATES DISTRICT JUDGE

15

16 ORDER - 3

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 2



ENTERED
ON DOCKET

JAN 0 5 1998

By Deputy _____

FILED
RECEIVED
LODGED

JAN - 5 1998

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TING KRAY, SAMUAN SRIP, and SAP KRAY,

　　　　　Plaintiffs,

vs.

THE CITY OF TACOMA, et al.,

　　　　　Defendants.

NO. C97-5582FDB

ORDER RE DEFENDANTS'
MOTION TO STAY CIVIL
PROCEEDINGS

On December 22, 1997, this Court conducted a hearing regarding Defendants' Motion to Stay Civil Proceedings ("Motion"). Preliminary questions had been raised by the parties' pleadings, and Defendants had expressed concerns regarding the effect of civil discovery on the pending criminal proceedings surrounding Sap Kray and his criminal trial scheduled for November, 1998. The hearing was conducted due to this Court's concerns about the nature and scope of the discovery proceedings to the extent such discovery would hinder an ongoing criminal investigation.

ORDER - 1

1    It was this Court's belief that, in their briefings to this
2  Court, the Defendants had not made an adequate and specific factual
3  showing of undue burden and/or hardship that discovery in the civil
4  matter would have on the pending criminal investigation and trial
5  in order to support their Motion To Stay Civil Proceedings.

6    After hearing of oral argument, and review of the records and
7  files in this matter, this Court sees no reason why Defendants'
8  Motion should not be granted.  However, it is this Court's view
9  that the arguments Plaintiffs presented concerning the preservation
10 of evidence bears some consideration and is of some concern to this
11 Court.  Plaintiffs specifically designated recordings, records and
12 tapes taken by the Auburn Police Department and law enforcement at
13 Emerald Downs, and the radio telecommunications of the Tacoma
14 Police Department.

15    Defense Counsel Joseph Diaz, Assistant City Attorney, on
16 behalf of Defendants, has attested that all evidence in this matter
17 has been preserved and will be preserved until this case has
18 concluded. Based upon Defense Counsel's express representations to
19 this Court, the Court expects the aforementioned records and
20 recordings to be preserved.  Failure to preserve any evidence
21 related to this matter will subject both Defense Counsel and
22 Defendants to the harshest sanctions.

23    Accordingly, it is hereby

24    ORDERED:

25    (1)  Defendants' Motion for Stay of Civil Proceedings is
26 GRANTED pending the disposition of the criminal trial scheduled for
27 November, 1998; and

28 ORDER - 2

1    (2)   Joint Status Reports will be filed by the parties with

2 this Court on the following dates:  Friday, April 24, 1998; Friday,

3 August 28, 1998; and Friday, December 18, 1998. Plaintiffs' Counsel

4 will address any evidentiary concerns which may have arisen in this

5 matter.  Defendants shall address, specifically, the status and

6 progress of the criminal investigation, criminal proceedings and/or

7 trial.

8

9    DATED this ___ day of January, 1998.

10

11                              _____

12                              FRANKLIN D. BURGESS
                                UNITED STATES DISTRICT JUDGE

13

14 ORDER - 2

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 3



ENTERED
ON DOCKET

JUN 3 0 1999

BY DEPUTY



UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TING KRAY, SAMUAN SRIP, AND SAP
KRAY,

    Plaintiffs,

    v.

THE CITY OF TACOMA, et al.,

    Defendants.

Case No. C97-5582FDB

ORDER ON DEFENDANTS'
MOTION TO PARTIALLY LIFT
STAY

    This matter comes before the court upon defendants' "Motion to Partially Lift Stay in Order to Hear Defendants' Alternative Motions for Summary Judgment" ("Motion to Partially Lift Stay"). (Dkt. No. 45.) Plaintiffs Sap Kray and Ting Kray have filed opposition to defendants' Motion to Partially Lift Stay and ask this court to completely lift the stay.

    On January 5, 1998, after hearing oral argument, this court granted defendants' Motion for Stay of Civil Proceedings *pending disposition* of the state court's criminal trial against the state court defendant Sap Kray. "On March 10, 1999 ... Sap Kray was convicted of aggravated first degree murder and of second degree assault, both committed with firearms, in connection with the events" of August 28, 1997. (Defs.['] Mot. to Partially Lift Stay at 2.) Defendants move this court to partially lift the stay solely to hear its Alternative Motions for Summary Judgment. Defendant argues that this court should only partially lift the stay because Sap Kray has filed a notice of appeal regarding his conviction with the Washington State Court of Appeals. (*See id.*) It is defendants'

ORDER - 1

1  position that the outcome of Sap Kray's criminal trial "has eliminated issues before the Court ...

2  entitling defendants to dismissal of this and/or continued stay of proceedings pending the outcome

3  of Sap Kray's criminal appeal proceedings." (Defs.['] Mot. to Partially Lift Stay at 3.)  Defendants

4  attempt to support their arguments through their reliance on the United States Supreme Court's

5  decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

6       On September 17, 1997, pursuant to 42 U.S.C. section 1983,  the plaintiffs Ting Kray,

7  Samuan Srip, and Sap Kray filed their Complaint for Violation of Civil Rights and Demand for Jury

8  Trial.  (Dkt. No. 1.)  Unlike *Heck v. Humphrey*, this civil case was not filed by a prisoner to

9  challenge his criminal conviction by a state court, or the unlawfulness of his confinement. *See Heck*

10  *v. Humphrey*, 512 U.S. at 481.  Two of the three plaintiffs in this matter were not a party to the state

11  court criminal proceedings against Sap Kray.  Moreover, all of the plaintiffs filed this action almost

12  contemporaneously with the state court criminal proceedings.

13       Although this court is not fully persuaded by defendants' arguments, it believes the better

14  course is to partially lift the stay to consider defendants' dispositive motions.

15

16       Accordingly, it is hereby

17       ORDERED:

18       (1) Defendants'"Motion to Partially Lift Stay in Order to Hear Defendants' Alternative

19  Motions for Summary Judgment" (Dkt. No. 45) is GRANTED;

20       a.  the **STAY SHALL ONLY BE PARTIALLY LIFTED** to hear defendants' "Alternative

21  Motions for Summary Judgment (Dkt. #46);

22       b.  the Clerk shall re-note Defendants' "Alternative Motions for Summary Judgment" (Dkt.

23  46)  for Friday, July 16, 1999;

24            i.  Plaintiffs shall file their Response by close of business Friday, July 9, 1999;

25            ii.  Defendants shall file their Reply, if any, by close of business, Wednesday, July

26  ORDER - 2

14, 1999.

DATED this 30 day of June, 1999.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3

14

# EXHIBIT 4



ENTERED
ON DOCKET

JUL 2 1 1999

BY DEPUTY

1

2

3

4

5

6

7

8

9

10

11

12



UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TING KRAY, SAMUAN SRIP, AND SAP
KRAY,

        Plaintiffs,

      v.

THE CITY OF TACOMA, et al.,

      Defendants.

Case No. C97-5582FDB

ORDER CONTINUING STAY OF
PROCEEDINGS

13

14

15

16

17

18

19

20

21

22

23

24

25

    On June 30, 1999, this court issued its Order on Defendants' Motion to Partially Lift Stay

(Dkt. No. 56). In that Order, this court granted defendants' Motion to Partially Lift Stay in order to

consider defendants' "Alternative Motions for Summary Judgment (Dkt. No.46). It is defendants'

position that the outcome of Sap Kray's criminal trial "has eliminated issues before the Court ...

entitling defendants to dismissal of this [case] and/or continued stay of [these] proceedings pending

the outcome of Sap Kray's criminal appeal proceedings." (Defs.['] Mot. to Partially Lift Stay at 3.)

The defendants argue that their Alternative Motions for Summary Judgment are based on

"[c]ollateral [e]stoppel," or in the alternative, the defendants' rely on the United States Supreme

Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

(Defs.['] Mem. in Supp. of Alt. Mot. for Summ. J. at 1.)

    This court has reviewed the pleadings filed in support of and in opposition to the defendants'

Alternative Motions for Summary Judgment and the file herein. It is apparent to this court that

26

ORDER - 1

1   there are specific factual and legal issues in this case, applicable to *all* of the parties to this action,

2   which this court cannot isolate without allowing some degree of discovery.  Moreover, the factual

3   and legal issues which have been presented are inextricably intertwined with the state court

4   appellate proceedings.  Having reviewed the briefs of the parties, this court is not persuaded that

5   there are severable issues which can be resolved without violating federal and state comity. Finally,

6   as the matter now stands, the facts are not sufficiently defined to warrant defendants being granted

7   judgment as a matter of law.

8

9       Accordingly, it is hereby

10      ORDERED:

11      (1) The defendants' Alternative Motions for Summary Judgment (Dkt. No.46) are DENIED;

12  and

13      (2) This matter is STAYED pending resolution of all state court appellate proceedings.

14

15      DATED this 21 day of July, 1999.

16                          FRANKLIN D. BURGESS
17                          UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26  ORDER - 2

**17**

# EXHIBIT 5

1
2
3
4
5
6
7

RECEIVED

MAY 1 5 2003

MACDONALD, HOAGUE & BAYLESS



FILED ___ LODGED
RECEIVED

MAY 1 3 2003

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9
10
11
12  TING KRAY; SAMAUN SRIP; and SAP
    KRAY,
13
14              Plaintiffs,
15      vs
16  THE CITY OF TACOMA; TACOMA POLICE
17  DEPARTMENT; PHILIP ARREOLA; and
    JOHN DOES NOS. 1-25,
18
19              Defendants.
20

C97-5582FDB

MINUTE ORDER

21      NOW, on this 13th day of May 2003, the Court directs the Clerk to enter the following Minute

22  Order:

23      Pursuant to the information contained in the Joint Status Report filed on May 9, 2003,
24      the Stay previously imposed shall remain in place pending final resolution of all State
        court appellate proceedings.   Counsel shall notify this Court when this matter is ready
25      to proceed.

26      The foregoing Minute Order entered at the direction of the Honorable **FRANKLIN D.**

27  **BURGESS,** United States District Judge.

28

B. Kay McDermott
Courtroom Deputy

CV 97-05582 #00000072

km

United States District Court
for the
Western District of Washington
May 13, 2003

* * MAILING CERTIFICATE OF CLERK * *

Re:  3:97-cv-05582

True and correct copies of the attached were mailed by the clerk to the following:

        Katrin E Frank, Esq.
        MACDONALD, HOAGUE & BAYLESS
        STE 1500
        705 SECOND AVE
        SEATTLE, WA   98104-1745
        FAX 343-3961

        Timothy K. Ford, Esq.
        MACDONALD, HOAGUE & BAYLESS
        STE 1500
        705 SECOND AVE
        SEATTLE, WA   98104-1745
        206-622-1604

        Joseph Michael Diaz, Esq.
        DAVIES PEARSON PC
        PO BOX 1657
        TACOMA, WA   98401
        FAX 1-253-572-3052

        John Francis Kennedy, Esq.
        3419 HARBORVIEW DR
        GIG HARBOR, WA   98332-2127
        FAX 1-253-853-6479

20

Case: 3:97-cv-05582

Timothy K. Ford, Esq.
MACDONALD, HOAGUE & BAYLESS
STE 1500
705 SECOND AVE
SEATTLE, WA  98104-1745

------------------------------

------------------------------

# EXHIBIT 6

1

2

3  UNITED STATES DISTRICT COURT
   WESTERN DISTRICT OF WASHINGTON
   AT TACOMA

4

5  TING KRAY; SAMAUN SRIP; and SAP
   KRAY,

6              Plaintiff,                       Case No. C97-5582FDB

7       v.                                      ORDER CONTINUING STAY

8  THE CITY OF TACOMA; THE TACOMA
   POLICE DEPARTMENT; PHILIP
9  ARREOLA; and JOHN DOE NOS. 1-25,

10             Defendants.

11        This is a civil rights case brought by Ting Kray, his brother Sap Kray, and his brother's ex-

12  wife Samaun Srip against the City of Tacoma and its Police Department and former Police Chief.

13  Shortly after it was filed, Pierce County brought criminal charges against Sap Kray arising out of the

14  same incident.  This matter was stayed during the pendency of the criminal charges.  After Sap Kray

15  was convicted of aggravated first degree murder, This matter was again stayed by Order dated July

16  21, 1999:

17            ... the factual and legal issues which have been presented are inextricably intertwined
           with the state court appellate proceedings.  Having reviewed the briefs of the parties,
18         this court is not persuaded that there are severable issues which can be resolved
           without violating federal and state comity. ...  This matter is STAYED pending
19         resolution of all state court appellate proceedings.

20  On May 13, 2003, the Court entered a minute order continuing the stay and requiring the parties to

21  notify the Court "when this matter is ready to proceed."

22        The Washington State Court of Appeals upheld Sam Kray's conviction on December 6,

23  2002, his petition for review was denied by the Supreme Court of Washington, and certiorari from

24  that decision was denied by the Supreme Court of the United States on March 29, 2004.

25

26  ORDER - 1

1    Defendants contend that since the parties agree that Plaintiff has potential post-conviction

2  remedies available to him via state and federal collateral attacks upon his conviction until the

3  expiration of the time period for bringing such actions – here March 29, 2005 – and because

4  Plaintiff's counsel has indicated in the Joint Status Report (p. 3, l. 10) that his client intends to

5  pursue a state or federal collateral attack but has not yet done so, that the stay should continue.

6  Defendants argue that the same considerations that underpinned the court's original imposition and

7  subsequent continuation of the stay pending the expiration of the direct appeal process apply with

8  equal force as long as Plaintiff maintains the intention to pursue habeas corpus actions. Moreover,

9  Defendant argues that the discovery process in this case would be compromised by the collateral

10  attacks and assertion of Fifth Amendment rights. Sap Kray's counsel has stated:

11      Through Counsel, Sap Kray has denied having any such intent and acknowledged that
        successful prosecution of this case may require him to elect between a waiver of his
12      Fifth Amendment rights and dismissal of some or all of his civil claims. ... There is
        therefore no reason to believe that Sap Kray will fail to comply with his discovery
13      obligations.

14  (Plaintiffs' Memo. pp. 2-3) Defendants argue that it would be unjust to allow Plaintiff the benefit of

15  lifting the stay when the Defendants would be hampered by Plaintiff invoking his Fifth Amendment

16  rights during the court of his collateral attacks. Defendants cite *Heck v. Humphrey*, 512 U.S. 477,

17  487 n. 8 (1994) where the Court stated:

18      For example, if a state criminal Defendant brings a federal civil-rights lawsuit during
        the pendency of his criminal trial, appeal, or state habeas action, abstention may be an
19      appropriate response to the parallel .... court proceedings.

20      In response, Plaintiffs affirm that Sap Kray intends to pursue state and federal postconviction

21  remedies, which remain open to him until March 29, 2005, but that Plaintiffs also which to proceed

22  with the civil claims in this case. Plaintiffs contend that the belief that Sap Kray will resist discovery

23  is imaginary and there is no reason to believe that he will fail to comply with his discovery

24  obligations. Also, Plaintiffs contend that a stay is unnecessary under *Heck* because (1) the validity of

25  Sap Kray's criminal convictions are not necessarily determinative of any of his own claims and they

26  ORDER - 2

1  are not determinative of the other plaintiffs' claims, and (2) to the extent that there is overlap of

2  issues in the criminal and civil cases, this does not militate in favor of a stay because under *Heck* such

3  stays are error:

> 4  We reemphasize that § 1983 contains no judicially imposed exhaustion requirement,
> *Heck*, 512 U.S. at 481, 483, 114 S.Ct. At 2369, 2370-71; absent some other bar to
> 5  the suit, a claim either is cognizable under § 1983 and should immediately go forward,
> or is not cognizable and should e dismissed.

6  *Edwards v. Balisok*, 520 U.S. 641, 649 (1997). Thus, Plaintiffs maintain that their claims remain

7  cognizable despite the decisions in Sap Kray's case.

8      Nevertheless, "Sap Kray maintains that his conviction and its affirmance were

9  unconstitutional ... ."(Pl. Memo. Opp. p.2) This Court has already concluded that "... the factual and

10  legal issues which have been presented are inextricably intertwined with the state court appellate

11  proceedings. Having reviewed the briefs of the parties, this court is not persuaded that there are

12  severable issues which can be resolved without violating federal and state comity." That statement

13  still applies. A continuing stay pending the expiration of the period for Plaintiff Sap Kray to exercise

14  his right to seek state or federal habeas relief of his criminal conviction or, if exercised, exhaustion of

15  Plaintiff Sap Kray's state and federal habeas remedies regarding his criminal conviction is still

16  appropriate.

17      ACCORDINGLY, IT IS ORDERED:  The previously imposed stay of proceedings in this

18  matter (Dkt. # 35, # 62), as requested by Defendants (See Brief Dkt. # 77 pursuant to Order Dkt. #

19  75) is continued pending the expiration of the period for Plaintiff Sap Kray to exercise his right to

20  seek state or federal habeas relief of his criminal conviction or, if exercised, exhaustion of Plaintiff

21  Sap Kray's state and federal habeas remedies regarding his criminal conviction.

22      DATED this 5th day of October, 2004.

23

24                    *S/ Franklin D. Burgess*
                      FRANKLIN D. BURGESS
                      UNITED STATES DISTRICT JUDGE

25

26  ORDER - 3

# EXHIBIT 7

1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TING KRAY; SAMAUN SRIP; and SAP
KRAY,

               Plaintiffs,

    v.

THE CITY OF TACOMA; THE TACOMA
POLICE DEPARTMENT; PHILIP
ARREOLA; and JOHN DOE NOS. 1-25,

             Defendants.

CASE NO. C97-5582BHS

ORDER DIRECTING CLERK OF
COURT TO ENTER A
STATISTICAL TERMINATION

13       Pursuant to the Order Continuing Stay (Dkt. 80), it appears that this matter will remain in an
14  inactive status for a substantial period of time. The Court hereby orders the Clerk to enter a
15  statistical termination of this case.
16       Counsel should note that this termination is intended solely to remove this matter from the
17  Court's docket of active pending cases in order to alleviate congestion of the Court's docket. At such
18  time as the parties deem this litigation to be in a posture to proceed, the parties shall file a motion to
19  reopen. The motion to reopen shall be filed in the above-referenced cause number; counsel need not
20  file a new case or pay additional filing fees. For purposes of statutes of limitations, the Court deems
21  the filing date of this litigation to be and to remain the original filing date of the above-entitled case.
22       All pending motions, deadlines and hearings, if any, are hereby stricken as moot.
23       IT IS SO ORDERED this 11th day of September, 2007.
24
25  BENJAMIN H. SETTLE
     United States District Judge
26
27

ORDER

# EXHIBIT 8

# Supreme Court of the United States
## Office of the Clerk
## Washington, DC 20543-0001

October 18, 2010

William K. Suter
Clerk of the Court
(202) 479-3011

Mr. Timothy K. Ford
MacDonald Hoague & Bayless
1500 Hoge Building
705 Second Avenue
Seattle, WA 98104-1745

OCT 2 1 2010

MACDONALD HOAGUE & BAYLESS

Re:  Sap Kray
     v. Patrick Glebe, Superintendent, Stafford Creek Corrections
     Center, et al.
     No. 10-6285

Dear Mr. Ford:

The Court today entered the following order in the above-entitled case:

The petition for a writ of certiorari is denied.

Sincerely,

William K. Suter

William K. Suter, Clerk

# EXHIBIT 9

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

> **FILED**
>
> JUN 01 2010
>
> MOLLY C. DWYER, CLERK
> U.S. COURT OF APPEALS

SAP KRAY,

               Petitioner - Appellant,

   v.

BELINDA STEWART, Superintendent
of Stafford Creek Correctional Center
and ROB MCKENNA, Attorney General
of the State of Washington,

               Respondents - Appellees.

No. 08-35711

D.C. No. 3:06-cv-05521-RBL
U.S. District Court for Western
Washington, Tacoma

**MANDATE**

The judgment of this Court, entered April 08, 2010, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule

41(a) of the Federal Rules of Appellate Procedure.

               FOR THE COURT:

               Molly C. Dwyer
               Clerk of Court

               Rhonda Roberts
               Deputy Clerk